**James SAMS, Plaintiff–Appellant,**

v.

**UNITED FOOD & COMMERCIAL WORKERS UNION, AFL/CIO, CLC, et al., Defendants–Appellees.**

**Jimmie ORR, Plaintiff–Appellant,**

v.

**UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL/CIO, CLC, et al., Defendants–Appellees.**

**Nos. 87–8082, 87–8083.**

United States Court of Appeals, Eleventh Circuit.

Jan. 15, 1988.

Before TJOFLAT, HILL and EDMONDSON Circuit Judges.

PER CURIAM:

Appellants, James Sams and Jimmy Orr, were injured in an industrial accident and brought suit in state court against several defendants, including their labor union, United Food and Commercial Workers International Union and its Local No. 442, and their employers, Hunt–Wesson, Inc. and Esmark, Inc. The complaint alleged, *inter alia*, a breach of duty of care by the labor union and a conspiracy to create a hazardous work place. The defendants removed the suits to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1441.

In the district court, the plaintiffs filed a motion to remand the action to state court, claiming that the case involved strictly matters of state law. Defendants Hunt–Wesson and Esmark, the employers, moved for dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In an Order dated August 29, 1986 the district court denied the motion to remand and granted the motion to dismiss as to Hunt–Wesson and Esmark, holding that the claims were not actionable because of the exclusive remedy provision of the Georgia Workers' Compensation Act. To the extent that any federal law claims were implicitly stated, the court found them to be barred by the applicable statute of limitations. The district court entered final judgment as to Hunt–Wesson and Esmark pursuant to Fed.R.Civ.P. 54(b), and the plaintiffs appealed. We affirm.

Cletus W. Bergen, II, Savannah, Ga., for plaintiff-appellant.

James D. Fagan, Jr., Stanford Fagan & Giolito, Gavin S. Appleby, Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for defendants-appellees.

■ The Supreme Court's decision in *International Bhd. of Elec. Workers, AFL–CIO v. Heckler*, — U.S. ——, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987) makes it clear that appellants' state law claims against the union are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Thus, the district court's denial of appellants' motion to remand was correct and it is affirmed. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 24, 103

S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983) ("[I]f a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law."); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 376 F.2d 337, 339–40 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).[1]

■ The district court dismissed the state law claims against the employers, Hunt–Wesson and Esmark, based upon its finding that the Georgia Workers' Compensation Act provides the exclusive remedy. We have reviewed appellants' claims and conclude that the district court accurately applied the law of Georgia and that the dismissal of the state law claims was proper.

■ With regard to any federal law claims which may have been implicitly stated, or which may have arisen as a result of the preemptive force of section 301, we find that those claims were also appropriately dismissed as to the employers. Such claims are not cognizable where the employees have "fail[ed] to make use of the grievance procedure established in the collective-bargaining agreement...." *Allis–Chalmers v. Lueck,* 471 U.S. 202, 220–21, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985) (citing *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965)). An employee may not substitute a lawsuit in federal court for use of the grievance procedure: "A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness ... as well as eviscerate a central tenet of federal labor-contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance." *Allis–Chalmers,* 471 U.S. at 220, 105 S.Ct. at 1916

(citation omitted). Because there is no evidence that appellants made use of the grievance procedure, their claims against their employers were properly dismissed.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

1. There is some dispute as to this court's jurisdiction to review the remand issue. Because the suit continued in the district court as to other defendants, this appeal was interlocutory in nature. However, final judgment was entered as to these defendants, and this court has jurisdiction to review all matters leading up to

that judgment. *See City of Naples v. Prepakt Concrete Co.,* 494 F.2d 511, 512 n. 1 (5th Cir.), *cert. denied,* 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974) (citing 9 Moore's Fed.Prac. ¶ 110.07 at 109). This dispute is of little moment, however, given that the decision in *Heckler* makes it clear that remand would have been inappropriate.