James SAMS and Jimmie Orr,
Plaintiffs–Appellants,

v.

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, CLC, et al., Defendants–Appellees.

No. 88–8242.

United States Court of Appeals,
Eleventh Circuit.

March 2, 1989.

Cletus W. Bergen, II, Savannah, Ga., for Sams.

James D. Fagan, Jr., Stanford, Fagan and Giolito, Atlanta, Ga., Stanley M. Karsman, Karsman, Brooks & Callaway, Savannah, Ga., for defendants-appellees.

Before JOHNSON and EDMONDSON, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

NICHOLS, Senior Circuit Judge:

James Sams and Jimmie Orr appeal from the judgment of the United States District Court for the Southern District of Georgia (Alaimo, C.J.), *Sams v. United Food & Commercial Workers International Union*, 681 F.Supp. 1575 (S.D.Ga.1988), granting defendant's motion for summary judgment and dismissing Sams' and Orr's claims. We reverse and remand.

## I. *Background*

Appellants James Sams and Jimmie Orr are members of the United Food and Commercial Workers International Union and its Local Nos. 442 and 433 (the Union), the defendant in this case. On May 17th, 1984, a vegetable oil bleaching tank exploded at the Hunt–Wesson Foods, Inc. (Hunt–Wesson) oil refinery in Savannah, Georgia, where appellants were employed. Sams and Orr were severely burned as a result of the explosion. Twenty-three months after this industrial accident occurred, Sams and Orr each filed a complaint seeking recovery from the Union, among other defendants. Orr's originally filed complaint and Sams' second amended complaint both state:

### CAUSES OF ACTION

### COUNT ONE

### BREACH OF DUTY OF CARE BY UNIONS

* * * * * *

21.

Defendants INTERNATIONAL UNION and LOCAL UNION # 433 and LOCAL UNION # 442 [the Union] had the duty and/or by and through the actions of their employees, officers and agents affirmatively undertook the duty to:

(a) ensure that Plaintiff's workplace was safe; and/or

* * * * * *

(g) ensure that all safety appliances are constructed in a safe and proper manner by competent mechanics and helpers.

22.

In committing the actions complained of herein, Defendants INTERNATIONAL UNION and LOCAL UNION # 442 and LOCAL UNION # 433 negligently and/or willfully breached the above described duties of care owed by them to Plaintiff for which Plaintiff may recovery [sic] general, special and exemplary damages under Georgia law.

The Union took the position that the claims were preempted by the federal labor laws, and it filed petitions to remove both Sams' and Orr's actions to federal court. The two cases were removed to the District Court for the Southern District of Georgia, and the Union moved for summary judgment in each case on the basis that the claims were barred by the statute of limitations. In urging summary judgment, the Union argued that the asserted claims were hybrid section 301/fair representation claims. That is, the claims were based in part on a breach of the collective-bargaining agreement between the Union and the employer, actionable under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and in part on a breach of the Union's duty of fair representation which is a duty implied by the overall scheme of the National Labor Relations Act (NLRA).

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

*DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 164, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983). The statute of limitations applicable to hybrid section 301/fair representation claims is borrowed from section 10(b) of the NLRA, 29 U.S.C. § 160(b), which provides six months in which to challenge unfair labor practices. *DelCostello, supra.* Accordingly, if the claims are properly characterized as hybrid section 301/fair representation claims, they are barred by the six-month limitations period.

Quite similar claims were held in *International Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987) (*Hechler II*), to lie under section 301 and to preempt state tort law. On the remand, *Hechler v. International Brotherhood of Electrical Workers,* 834 F.2d 942 (11th Cir.1987) (*Hechler III*), they were held subject not to the six-month period, but to the Florida state six-year period for contract actions.

In the present case, the appellants opposed summary judgment, arguing that their claims were not hybrid section 301/fair representation claims subject to the six-month limitations period. They point to the language of the collective-bargaining agreement, which provides, *inter alia,* that "[a]ll safety appliances shall be constructed in a safe and proper manner by competent mechanics and helpers," and they further allege that the Union had a duty to "ensure that Plaintiff's workplace was safe." Sams' Complaint at ¶ 21; Orr's Complaint at ¶ 21. Sams and Orr claim that the Union assumed and breached these duties, and that they are entitled to recover in tort as third-party beneficiaries of the duties. Appellants view their claims not as hybrid claims, but as claims predicated solely on section 301 which governs "[s]uits for violation of contracts between an employer and a labor organization."

The district court held that the claims were neither hybrid section 301/fair representation claims nor straight section 301 claims. Rather, the district court held that the claims were hybrids of a straight section 301 claim and a hybrid section 301/fair representation claim. The district court calls this new category of claim a "quarter-crossed" claim. Quarter-crossed claims, the district court held, are governed by the same six-month statute of limitations as hybrid section 301/fair representation claims. Accordingly, the claims were dismissed as barred by the six-month statute of limitations.

## II. *Issue*

Whether the claims are barred by the statute of limitations.

■ There being no disputed issues of material fact, the issue presents a question of law over which this court has plenary review. *Simon v. Kroger Co.,* 743 F.2d 1544, 1546 (11th Cir.1984), *cert. denied,* 471 U.S. 1075, 105 S.Ct. 2155, 85 L.Ed.2d 511 (1985).

## III. *Discussion*

The plaintiffs in this case came into the district court alleging that: the Union owed a contractual duty to plaintiffs to insure a safe workplace, the safety provisions of the collective-bargaining agreement were in ostensible fulfillment of that duty, the Union breached its duty, and the breach caused damage. Based upon these allegations, Sams and Orr assert that they are entitled to recovery against the Union for tortious breach of contract. The controversy in this case centers upon the source from which the Union's alleged duties arose. Depending upon the source of the duties, different limitations periods apply.

■ The duties at issue are ones which would require the Union to insure a safe workplace and to insure the safe construction of safety appliances. The common law places the duty to provide a safe workplace on an employer, not on a union. *See International Brotherhood of Electrical Workers v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 2167, 95 L.Ed.2d 791 (1987). The duty to provide a safe workplace is statutorily imposed on the employer in Georgia. O.C.G.A. § 34–2–10. Thus, if the Union owes that duty in this case, it is either because the Union affirmatively assumed the duty

or because federal law has imposed it. We are unaware of any federal law imposing such a duty, and so we reason that if the duty exists, it was affirmatively assumed. Indeed, the complaints allege that the Union "through the actions of their employees, officers and agents *affirmatively* undertook the duty."

The Supreme Court considered a duty not unlike the one now before us in the case of *International Brotherhood of Electrical Workers v. Hechler*, 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987). The case involved the claim of Sally Hechler raised against her union. Hechler, an electrical worker for Florida Power & Light Company, suffered injuries resulting from contact with dangerous electrical components. In her complaint, Hechler alleged that her Union breached both (1) its duty to insure a safe workplace; and (2) its duty to insure that she was assigned projects commensurate with her training and abilities, thereby causing her injury.

According to the *Hechler II* Court:

Respondent's allegations of negligence assume significance if—and only if—the Union, in fact, had assumed the duty of care that the complaint alleges the Union breached. The collective-bargaining agreement between the Union and Florida Power, and ancillary agreements between those parties, contain provisions on safety and working requirements for electrical apprentices on which Hechler could try to base an argument that the Union assumed an implied duty of care. In order to determine the Union's tort liability, however, a court would have to ascertain, first, whether the collective-bargaining agreement in fact placed an implied duty of care on the Union to ensure that Hechler was provided a safe workplace, and, second, the nature and scope of that duty, that is, whether, and to what extent, the Union's duty extended to the particular responsibilities alleged by respondent in her complaint. *Hechler II*, 107 S.Ct. at 2168 (footnote omitted).

In order to characterize Sams' and Orr's claims for statute of limitations purposes, the analysis is the same as that outlined above in *Hechler II*. The court must determine whether the claim is that the Union assumed a duty of care and whether that duty, if assumed, extended to the particular responsibilities alleged by Sams and Orr.

The district court's lengthy and intricate analysis appears, as we understand it, to turn on its characterization of the plaintiffs' claims. It calls their imputation of a duty on the Union's part to maintain a safe workplace a "generalized duty". *Sams*, 681 F.Supp. at 1582. It is "generalized," apparently, because not founded on "specific" clauses in the collective-bargaining agreement which would state just what the Union was to do to obtain safety for its members and how it was to do it. Presumably, although the trial court did not so state, the "specific" claims relating to the duty to insure the safe construction of safety appliances is founded on the collective-bargaining agreement, owing to identical language relating to safety appliances which appears in the collective-bargaining agreement. The "generalized" duty is, the district court believes, "cognizable only as a breach of the duty of fair representation," *id.*, rather than one founded on a contract, namely the collective-bargaining agreement. By including claims founded on "specific" clauses of the collective-bargaining agreement, the complaint is "quarter-crossed" with the generalized duty claims and the claims against the employer. *Id.*

Though not precisely the way the court puts it, possibly its theory is that the "generalized" failure to secure a safe working place for Union members is that in making a collective-bargaining agreement the Union should have bargained for a safe working place, but failed to do so. This, apparently, is a failure of the duty of fair representation. Alternatively, a "specific" duty is one arising out of a specific commitment bargained for and obtained. It would be logical, perhaps, for the latter to be considered founded on contract, for limitations purposes, and the former not.

The error of the district court which precludes affirmance is that it limits *Hechler III* to instances where the complaining union member alleges breaches of "specific" duties; the specific duties, the court says, belong to a category of claims cognizable as section 301 third-party beneficiary claims. "Excluded from that category are claims alleging a breach of the generalized duty to ensure a safe workplace, which remains cognizable only as a breach of the duty of fair representation." *Id.* The present case involves a "generalized" duty claim and so, the court reasoned, it is a generalized duty not controlled by *Hechler III.*

Our decision in *Hechler III* does not draw any distinction between "generalized" and "specific" breaches. It was an inference from the trial court's own previous decision reviewed and affirmed, but without discussion of the point now at issue, in *Sams v. United Food and Commercial Workers International Union,* 835 F.2d 848 (11th Cir.1988), holding that the employer's direct liability to Sams is limited by the Service Worker's Compensation Act. We do not think the distinction is sound, and we reject it, surely where, as here, the "specific" breaches are stated without reference to any clause of the collective-bargaining agreement that might have been breached. Since the Union could not be liable at all if it had no contract with the employer, it seems evident that any claim based on unsafe conditions is based on the contract.

█ We view *Hechler III* as standing for the proposition that any claim, generalized or specific, by a union member against his union for failure on the part of the union to fulfill a contractually assumed duty to obtain a safe working place for the member is not, or not wholly, a "duty of fair representation" claim and is not to be dealt with on the contrary supposition, as the district court does.

One of the duties at issue in Hechler's action was an alleged duty of care to insure her a safe working environment. According to Hechler's complaint, the Union "assumed this duty under the collective-bargaining agreement," *Hechler II,* 107 S.Ct. at 2167, notwithstanding the absence of language expressly so stating in the collective-bargaining agreement. In *Hechler III,* we reasoned that the alleged duty may indeed emanate from the collective-bargaining agreement: "it appears that the Supreme Court has construed Hechler's claim as adequately alleging a cause of action based on the positive tort flowing from the *breach of contract.*" *Hechler III,* 834 F.2d at 946 n. 4 (emphasis supplied).

The complaints in the present case allege a breach of a duty of care to insure a safe working environment, as did Hechler. Accordingly, the *Hechler III* precedent dictates that the claim be characterized as a "positive tort flowing from the breach of contract," *id.,* if that is what the plaintiffs have pled, and not as one for a breach of the duty of fair representation.

█ The district court finds it significant that, unlike Hechler, the employees' complaints now before us make no mention of the collective-bargaining agreement. *Id.* at 1580 and 1581 n. 3. A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests. Fed.R.Civ.P. 8(a); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). *See Little v. City of North Miami,* 805 F.2d 962, 969 (11th Cir.1986) (complaint stating that defendant degraded plaintiff in plaintiff's employment was adequate to plead injury to business reputation); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp.,* 711 F.2d 989, 995–97 (11th Cir.1983) (allegations of price manipulation were adequate to impliedly plead intent to monopolize by predatory pricing); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 604 (5th Cir.1981) (the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize the legal theory giving rise to the claim). Despite the complaints' failure to mention the collective-bargaining agreement, the Union stated in both of its peti-

tions to remove these actions to federal court, that it understood the claims against it to arise under section 301 in addition to or alternative to a claim for breach of the duty of fair representation. Hence, the requirements of Fed.R.Civ.P. 8(a) have been met.

Moreover, although the complaints did not mention the collective-bargaining agreement, the district court itself recognized that "[t]he fundamental lesson of Hechler's case is that, regardless of the source of the duties, the terms of the collective-bargaining agreement will determine whether the Unions or the employer held those duties." *Sams*, 681 F.Supp. at 1583. That being so, how can the claims not be founded on a violation of the collective-bargaining agreement?

It is further to be noted, the plainitffs' complaints show that in suing the Union, they sedulously avoided pleading the duty of fair representation, or the same doctrine by any other name. In view of the filing dates, they could not but have known that any count so based would fail to satisfy the six-month period. They must accept as a consequence, that any new count founded on the duty of fair representation could not now be added. Yet they face a holding that the theory they obviously rejected is made the backbone of their case for limitations purposes.

In applying statutes of limitations, what the plaintiff says his case is after limitations have been asserted as a problem, may not be decisive, but how he pleads it or did plead it very much is. In *United States v. Mottaz*, 476 U.S. 834, 850, 106 S.Ct. 2224, 2234, 90 L.Ed.2d 841 (1986) the Court quotes approvingly Justice Holmes' statements that "the plaintiff is absolute master of what jurisdiction he will appeal to," adding: "[j]urisdiction generally depends upon the case made and relief demanded by the plaintiff." *See also Christianson v. Colt Industries Operating Corp.*, —— U.S. ——, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915); *The Fair v. Kohler Die & Specialty Corp.*, 228 U.S. 22,

25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). Here, if plaintiffs rely on the duty of fair representation, they have not so pleaded and could not prevail on any such theory.

We think the district court's analysis involves imputing to the pleader a theory the pleader rejected. This we cannot accept. Sams and Orr, as masters of the complaints, decided that their claim was based on section 301. The pleader of course will have to take the bad with the good, and will not be free henceforth to invoke the duty of fair representation. The district court may well believe that without the duty of fair representation, the plaintiffs have no case. If this is true, it is not the time to hold so. The plaintiffs are not to be stopped at the limitations threshold with an issue that belongs with the merits, after the threshold is passed.

Under the logic of *Hechler III*, we adopt the Georgia state limitations period for actions based on breach of a written contract. *Hechler III*, 834 F.2d at 946–47. That limitations period in Georgia is 6 years. *See* O.C.G.A. § 9–3–24; *Kaufman and Broad Home Systems, Inc. v. International Brotherhood of Firemen and Oilers*, 607 F.2d 1104, 1108 (5th Cir.1979) (O.C.G.A. § 9–3–24 provides statute of limitations for actions based on breach of collective bargaining agreement in Georgia). This action was filed within 6 years of the acts complained of, and it is therefore not barred by the applicable statute of limitations.

### Conclusion

We reverse the judgment dismissing appellants' claims. We remand for further proceedings consistent with this opinion.

### COSTS

Costs are awarded to appellants.

REVERSED AND REMANDED.

Johnson, Circuit Judge, concurring:

I agree with the majority that O.C.G.A. § 9–3–24 provides the proper limitations period under Georgia law for plaintiffs' third-party beneficiary claims. I differ somewhat because I read the complaints as asserting both duty of fair representation claims and third-party beneficiary claims.

The result is the same, however, regardless of whether the plaintiffs included duty of fair representation claims or hybrid 301 claims in their complaints. The reasoning behind the Supreme Court's decision in *Del-Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 167–69 & n. 19, 103 S.Ct. 2281, 2292–93 & n. 19, 76 L.Ed.2d 476 (1983), holding that both halves of a hybrid 301 claim are governed by a single limitations period, does not apply in this situation. In a hybrid 301 claim, the plaintiff must prove both that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). In contrast, in this case, plaintiffs' claims that the union breached duties it assumed in the collective bargaining agreement for the benefit of its members are independent of any other claims. They are not single elements of larger claims, but are themselves separate claims upon which relief can be granted. As such, although the duty of fair representation claims are barred by a six-month statute of limitations, *Erkins v. United Steelworkers of America*, 723 F.2d 837 (11th Cir.), *cert. denied*, 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984), the third-party beneficiary claims are governed by O.C.G.A. § 9–3–24's limitations period. *See Hechler v. IBEW*, 834 F.2d 942 (11th Cir.1987) (*"Hechler III"*).