940 F.2d 654
 20 Fed.R.Serv.3d 875
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, for and on behalf of ATLANTIC HOT
SEAL, INCORPORATED, Plaintiff-Appellee,
v.
GREENWALL CONSTRUCTION SERVICE, INCORPORATED, St. Paul
Mercury Insurance Company, Defendants-Appellants,
v.
The TRAVELERS INDEMNITY COMPANY, Third Party Defendant.
 No. 90-1013.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1991.
Decided Aug. 5, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CA-88-1252-4-2)
 James Barr Van Osdell, Van Osdell, Lester, Howe & Rice, P.A., Myrtle Beach, S.C. (Argued), for appellants; Cynthia Graham Howe, Van Osdell, Lester, Howe & Rice, P.A., Myrtle Beach, S.C., on briefs.
 Linda Weeks Gwin, Thompson, Henry, Gwin, Brittain & Stevens, P.A., Conway, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before CHAPMAN, Senior Circuit Judge, JAMES C. HILL, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation, and JOHN A. MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant-appellant Greenwall Construction Service, Inc. ("Greenwall") appeals two orders arising out of a breach of contract action brought under the Miller Act, 40 U.S.C. Secs. 270 et seq., by Atlantic Hot Seal, Inc. ("Atlantic"). The first order which followed a trial to the bench found that Greenwall had materially breached its subcontract with Atlantic, and the district court awarded damages of $32,633.83 plus prejudgment interest to Atlantic. The second order denied Greenwall's motion to amend the first order to consider Greenwall's counterclaim for damages relating to warranty work. The district court found that the counterclaim had not been previously asserted and that because it was compulsory, it was time-barred. Greenwall appeals, and we affirm.
 
 I.
 
 2
 On September 30, 1986, Greenwall contracted with the United States to repair airfield pavement at the Myrtle Beach Air Force Base. Greenwall and Atlantic thereafter entered into a subcontract whereby Atlantic agreed to perform the sealing portion of the proposed work. All terms of the prime contract between Greenwall and the government were made part of the subcontract between Greenwall and Atlantic. Time was of the essence, with liquidated damages to be assessed for unexcused delays. Greenwall and Atlantic each posted the required bonds pursuant to the Miller Act.
 
 
 3
 The work was to be completed in seven phases. Phases I through IV progressed without delays. Phase V began on July 1, 1987 and was originally scheduled to be completed on October 24, 1987. Due to an excessive number of bad weather days, the government extended the time for completion until December 10, 1987. On December 10, 1987, the government notified Greenwall that it would be assessing liquidated damages for unexcused delays at approximately five hundred dollars a day. Greenwall then notified Atlantic that it considered the liquidated damages to be Atlantic's responsibility. Atlantic objected to the imposition of these damages against it.
 
 
 4
 In mid-January 1988, the government accepted phase V of the project. The government then assessed approximately forty days or $20,000 in liquidated damages which was withheld from Greenwall's final installment on phase V. Greenwall informed Atlantic on the same day that the liquidated damages had been withheld.
 
 
 5
 About a month later, Atlantic demanded full payment for its work on phase V. Greenwall then wrote Atlantic stating that it owed Atlantic only $6,328, which was the remaining contract amount less the total amount of liquidated damages withheld by the government. Greenwall also enclosed a phase V final lien release for Atlantic's signature which stated that Atlantic was due $6,328. Greenwall stated that it would pay Atlantic only after this lien release was executed and returned.
 
 
 6
 Atlantic did not sign the release. Subsequently, the government reduced the amount of liquidated damages by $9,500. Greenwall notified Atlantic of this reduction but did not offer to pay any of it to Atlantic. Again, Atlantic demanded full payment for its phase V work, but no payments were made. Atlantic then refused to return to complete work on the remaining phases of the project or to perform corrections to any defective work on the prior phases. Greenwall contracted with a new subcontractor to complete the work.
 
 
 7
 Atlantic filed suit against Greenwall to collect the money owed under the subcontract. The case was tried to the court which found that Atlantic was responsible for one-third of the liquidated damages and that Greenwall materially breached its subcontract when it did not pay Atlantic all monies it owed on a timely basis. The district court also found that Atlantic was not required to present a signed release before being entitled to the money. The district court ordered Greenwall to pay all monies owed to Atlantic for the phase V work less one-third of the liquidated damages.[1] Greenwall then made a motion for a new trial, or in the alternative, to alter or amend the district court's order. Greenwall asserted, inter alia, that the district court erred in failing to address Greenwall's counterclaim which alleged damages because of the defective sealing work of Atlantic. The district court denied the motion, and Greenwall appeals both orders. We affirm.
 
 II.
 
 8
 An action on a contractor's bond under the Miller Act is a proceeding at law. Our review is limited to a correction of errors of law and a determination of whether the factual findings of the trial judge are not clearly erroneous. Fed.R.Civ.P. 52. While jurisdiction is conferred on this court by the Miller Act, South Carolina law governs where construction of the statute is not at issue and all acts relevant to the breach of contract action occurred within South Carolina. United States v. Citizens & Southern Nat'l Bank of Atlanta, Ga., 367 F.2d 473, 477 (4th Cir.1966).
 
 III.
 
 9
 The district court found that Greenwall materially breached its subcontract with Atlantic when it failed to pay Atlantic the final phase V installment. According to the subcontract, Greenwall was required to pay Atlantic three days after receiving payment from the government. It is undisputed that Greenwall did not remit the money owed to Atlantic within three days.
 
 
 10
 Greenwall argues that the withholding of the funds was not a material breach because the amount involved is insignificant when viewed as a part of the total subcontract of $245,000 and that its action was justified because Atlantic would not sign a release as required by the contract. The district court found that on February 6, 1988, Greenwall owed Atlantic $20,720, and on April 10, 1988 and July 20, 1988, this amount increased by $3,173 and $2,729 respectively because of additional payments from the government. Thus, on July 20, 1988, Greenwall owed Atlantic $26,622, which was more than one-third of the original contract price for phase V. The district court concluded that Greenwall's failure to pay that amount constituted a material breach of the contract which excused Atlantic from further performance. Pickens County v. National Surety Co., 13 F.2d 758 (4th Cir.1926). This holding was supported by the evidence and not clearly erroneous. Phase V was a substantial portion of the contract having more days allocated for its completion than any other phase, and one-third of the monies due on that phase was wrongfully withheld.
 
 
 11
 The district court further found that Atlantic was justified in refusing to execute a lien release as a condition precedent to receiving payment for its work on phase V. The district court based this finding on the following evidence: The release form sent by Greenwall and the letter accompanying it placed full responsibility for liquidated damages on Atlantic, the release failed to include additional money owed to Atlantic for a change order submitted January 1, 1988, and Greenwall had not requested a release before remitting funds to Atlantic on the first four phases. The district court concluded that Greenwall had waived its right to require a release before paying the final phase V installment. We hold that the district court's findings that Greenwall materially breached its subcontract with Atlantic and Atlantic was justified in refusing to execute the lien release are not clearly erroneous.
 
 IV.
 
 12
 The district court's first order found that since Greenwall had materially breached its contract with Atlantic, Atlantic was excused from performance of phases VI and VII. However, the findings of fact and conclusions of law of the district courts did not specifically mention Greenwall's counterclaim. Greenwall then made a motion for a new trial or to alter or amend the judgment. The district court heard argument and issued a written order finding that the issues raised in the counterclaim did not include a claim for damages due to warranty work on phases I through IV. The district court further found that Greenwall's claim for warranty work damages was compulsory and that it had not been pled or raised at any time prior to judgment, and its claim was barred under Fed.R.Civ.P. 13, because the action had proceeded to judgment without the interposition of the counterclaim.
 
 
 13
 Greenwall's claims are set forth in paragraphs 15-19 of its Answer, Counterclaim and Third Party Complaint as follows:
 
 
 14
 15. Use Plaintiff, Atlantic Hot Seal, Inc., has failed to perform its contract diligently and has caused substantial delays in Defendant Greenwall Construction Service, Inc.'s contract with the United States of America for the repair of the airfield pavement at the Myrtle Beach Air Force Base.
 
 
 15
 16. Furthermore, use Plaintiff, Atlantic Hot Seal, Inc., has abandoned its contract, and accordingly, has breached the terms of the subcontract between the parties.
 
 
 16
 17. As a result of use Plaintiff's, Atlantic Hot Seal, Inc.'s, failure and refusal to complete its subcontract, Defendant Greenwall Construction Service, Inc. ... will be required to engage another subcontractor to perform the work abandoned by use Plaintiff....
 
 
 17
 18. The subcontract between Defendant [and] Plaintiff ... provides that use Plaintiff is responsible for Defendant Greenwall Construction Service, Inc.'s ... other costs as it may be required to expend because of Atlantic Hot Seal, Inc.'s breach of contract.
 
 
 18
 19. As a result of use Plaintiff's, Atlantic Hot Seal, Inc.'s breach of contract, Defendant Greenwall ... is entitled to reasonable attorney's fees, together with all its costs 6350 35 3 incurred because of Atlantic Hot Seal, Inc.'s breach.
 
 
 19
 Greenwall asserts that the counterclaim involves not only Atlantic's abandonment of the project but also a claim against Atlantic relating to warranty work on phases I through IV.[2] In the alternative, Greenwall contends that the claim for warranty work was not ripe for determination at the time of trial and thus, is not barred as a compulsory counterclaim.
 
 
 20
 Under the notice form of pleadings allowed by the federal rules, pleadings need only give fair notice of the claim and the grounds upon which it rests. Sams v. United Food & Commercial Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir.1989); Orthmann v. Apple River Campground, 757 F.2d 909, 915 (7th Cir.1985). The allegations contained in Greenwall's counterclaim focus on Atlantic's abandonment of the contract and do not refer to the prior phases of the contract. We find, therefore, that even under the liberal standards allowed by notice pleadings, that the above allegations were not sufficient to place Atlantic on notice that Greenwall was requesting damages for Atlantic's failure to repair defective work on phases I through IV.
 
 
 21
 We also find that this claim is compulsory and should have been raised. A compulsory counterclaim is any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court can not acquire jurisdiction.
 
 
 22
 Fed.R.Civ.P. 13. This claim arises out of the subcontract between Atlantic and Greenwall which is the subject of this suit and does not require the presence of third parties beyond the court's jurisdiction. Greenwall argues that the claim was not ripe for adjudication when Atlantic brought this suit and does not contend that if ripe the claims were not compulsory. We hold that the claims were ripe. The record contains letters between Greenwall, Atlantic and the United States which were dated prior to the commencement of this action and which discussed the linear feet allegedly needing repair in the prior phases. Given this evidence, these claims should have been raised; since they were not, they are barred.
 
 V.
 
 23
 For the foregoing reasons, the district court's orders finding that Greenwall materially breached its subcontract with Atlantic and that Greenwall's counterclaim for damages due to defective warranty work on phases I through IV is time-barred are
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 The district court also ordered Greenwall to pay the amount owed for change order dated January 1, 1988 which is not contested by Greenwall
 
 
 [2]
 Greenwall also contends that it is entitled to an offset for warranty work on phase V. This claim, however, is not supported by the record. The scant evidence which was proffered relating to warranty work involved repairs to be performed on the first four phases