Edwardo V. HARE, Robert G. Ivey, Joel Johnson III, Jimmy R. McGhee, and Guy P. Noelle, Plaintiffs,

v.

CITRUS WORLD INCORPORATED, a Florida corporation, and James T. Nutt, individually, Defendants.

No. 98–1880–Civ–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

March 16, 1999.

Robert J. Aranda, Frost, O'Toole & Saunders, P.A., Bartow, FL, for plaintiffs.

G. Thomas Harper, John D. Webb, Haynsworth, Baldwin, Johnson & Greaves, LLC, Jacksonville, FL, for Citrus World, Inc., defendant.

Andrea Teves Smith, Peterson, Myers, Craig, Crews, Brandon & Puterbaugh, P.A., Lakeland, FL, Stephen R. Senn, Peterson & Myers, P.A., Lakeland, FL, for James T. Nutt, defendant.

### ORDER ON PLAINTIFFS' MOTION TO AMEND AND DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant, James T. Nutt's, Motion to Dismiss (Dkt.10–11) which seeks to dismiss Count IV of Plaintiffs' Complaint (Dkt.2); Plaintiffs' response to Defendants' Motion to Dismiss (Dkt.14); and Plaintiffs' Motion to Amend Complaint. (Dkt.13) Plaintiffs' proposed Amended Complaint seeks to add a claim against Defendant Nutt for battery.

### MOTION TO AMEND COMPLAINT TO ADD CLAIM OF BATTERY

Plaintiffs move to amend their Complaint to state a claim of battery against Defendant Nutt. This Court's authority to permit amendment to a complaint is found in Federal Rule of Civil Procedure 15(a), which provides that: "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed.R.Civ.P. 15(a). "Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave should be freely granted when justice so requires." Id.

■ Defendant Citrus World has filed a responsive pleading. However, the motion to amend applies to Defendant Nutt only. Defendant Nutt has only filed a Motion to Dismiss. "It is well established in this circuit that a motion to dismiss is not considered a responsive pleading for purposes of rule 15(a)." Fortner v. Thomas, 983 F.2d 1024, 1032 (11th Cir.1993) (citing Driscoll v. Smith Barney, Harris, Upham & Co., 815 F.2d 655, 659 (11th Cir.1987), vacated in part on other grounds 484 U.S. 909, 108 S.Ct. 253, 98 L.Ed.2d 211 (1987), cert. denied in part 484 U.S. 914, 108 S.Ct. 261, 98 L.Ed.2d 218 (1987)). Because Defendant Nutt has only filed a Motion to Dismiss, not a responsive pleading, Plaintiff's might be entitled to amend their complaint once as a matter of course. See id. at 1032. However, because the Court is determining the claim as to Defendant Nutt, it declines to take pendant jurisdiction as to this purely state cause of action on record to this defendant.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

I. STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a complainant can prove no set of facts that support a claim for relief. See Conley v. Gibson, 355 U.S. 41,

45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, a trial court is required to view the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The allegations in the complaint should be taken as admitted by the defendant and liberally construed in favor of the plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

Federal Rules of Civil Procedure 8(a)(2) instructs that a pleading need only "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. The Eleventh Circuit has liberally construed Federal Rule of Civil Procedure 8(a)(2) to mean that: "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 964 n. 2 (11th Cir.1997) (quoting *Sams v. United Food & Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11 Cir.1989)). Using the above standards, the Court turns to the consideration of the claims asserted.

## II. STATEMENT OF THE CASE

The following allegations, taken from the complaint, are considered true for present purposes of deciding whether to dismiss Count IV. *See Beck v. Deloitte*, 144 F.3d 732, 735–36 (11th Cir.1998).

### 1. Plaintiff, Edwardo V. Hare:

Plaintiff Hare (Hare) was employed by Citrus World from April 14, 1996, through the present, as a blender. (Compl., ¶ 9, 11) Defendant James T. Nutt (Nutt) was employed as a blending foreman by Citrus World and had direct supervisory authority over Hare. (Compl., ¶ 11) The supervision included the ability to give Hare work assignments and to recommend discipline

for his work performance, including termination. (Compl., ¶ 11)

According to Hare, from June 1996 to October 1997, Nutt began sexually harassing him at the workplace by continually requesting sexual favors from him as well as making inappropriate sexual comments. (Compl., ¶ 12) For example, Nutt would tell Hare to "give me some ass," and propose that he, Nutt, would be able to watch Hare as he "fucked someone." (Compl., ¶ 12) On another occasion, Nutt would approach Hare and consistently rub Hare's arms and blow kisses to Hare while Hare was working. (Compl., ¶ 12) On several occasions, while Hare was working, Nutt would approach Hare from behind and without Hare's consent or approval, Nutt would grab Hare in the waist area while doing a "humping motion." (Compl., ¶ 12)

Hare claims that he complained of Nutt's conduct to Citrus World's management on or about May 16, 1997, and disclosed to them in detail Nutt's conduct. (Compl.¶ 14) However, Nutt continued to sexually harass Hare. (Compl., ¶ 16) Again on August 5, 1997, Hare reported Nutt's conduct to Citrus World's management and demanded that remedial action be taken against Nutt. (Compl.¶ 16)

### 2. Plaintiff Robert G. Ivey:

Plaintiff Ivey (Ivey) was employed by Citrus World from May 1993, through the present, as a Blender Utility Operator. (Compl., ¶ 18, 20) Nutt was employed as a blending foreman by Citrus World and had direct supervisory authority over Ivey. (Compl., ¶ 20) The supervision included the ability to give Ivey work assignments and recommend discipline for his work performance, including termination. (Compl., ¶ 20)

According to Ivey, from May 1993 to October 1997, Nutt began sexually harassing him at the workplace by continually requesting sexual favors from him as well as making inappropriate sexual comments. (Compl., ¶ 21) For example, Nutt would rub Ivey's shoulders in a sexual fashion

and make sexual comments to him in the form of requesting sexual favors. (Compl., ¶ 21) On another occasion, Nutt approached Ivey, rubbed Ivey's stomach and requested Ivey to "bend over." (Compl., ¶ 21) Again, on another occasion, Nutt approached the Ivey from behind and asked Ivey if he would "make love to him." (Compl., ¶ 21)

Ivey claims that he complained of Nutt's conduct to Citrus World's management on or about May 16, 1997 disclosing to them in detail Nutt's conduct. (Compl., ¶ 23) However, Nutt continued to sexually harass Ivey. (Compl., ¶ 25) Again on August 5, 1997, Ivey reported Nutt's conduct to Citrus World's management and demanded that remedial action be taken against Nutt. (Compl., ¶ 25)

### 3. Plaintiff, Joel Johnson III:

Plaintiff Johnson (Johnson) has been employed by Citrus World from April 27, 1994, through the present, as a blender. (Compl., ¶ 27, 29) Nutt was employed as a blending foreman by Citrus World and had direct supervisory authority over Johnson. (Compl., ¶ 29) The supervision included the ability to give Johnson work assignments, and recommend discipline for his work performance including termination. (Compl., ¶ 29)

According to Johnson, from April 27, 1994 to October 1997, Nutt began sexually harassing him at the workplace by continuously requesting sexual favors from him as well as making inappropriate sexual comments. (Compl., ¶ 30) For example, some of the comments made by Nutt to Johnson included: "bend over and give me some ass, let me fuck you in the ass," and "is your dick hard?" (Compl., ¶ 30) On another occasions, Nutt would approach Johnson, pinch him in the waist and blow him a kiss. (Compl., ¶ 30)

Johnson claims that he complained of Nutt's conduct to Citrus World management on or about May 16, 1997 disclosing to them in detail Nutt's conduct. (Compl., ¶ 32) However, Nutt continued to sexually harass Johnson. (Compl., ¶ 34) Again on August 5, 1997, Johnson reported Nutt's conduct to Citrus World's management and demanded that remedial action be taken against Nutt. (Compl., ¶ 34)

### 4. Plaintiff Jimmy R. McGhee:

Plaintiff McGhee (McGhee) has been employed by Citrus World from September 26, 1994, through the present, as a blender. (Compl., ¶ 36, 38) Nutt was employed as a blending foreman by Citrus World and had direct supervisory authority over McGhee (Compl., ¶ 38) The supervision included the ability to give McGhee work assignments and recommend discipline for his work performance, including termination. (Compl., ¶ 38)

According to McGhee, from September 26, 1994 to July 20, 1997, Nutt began sexually harassing him at the workplace by continuously requesting sexual favors from him as well as making inappropriate sexual comments. (Compl., ¶ 39) For example, some of the comments made by Nutt to McGhee included: "give me some ass," and "grab your ankles." (Compl., ¶ 39) On another occasions, Nutt would engage McGhee in offensive touching in that Nutt, without McGhee's consent or approval, would rub McGhee on or about the shoulders. (Compl., ¶ 39)

McGhee claims that he complained of Nutt's conduct to Citrus World management on or about May 16, 1997 disclosing to them in detail Nutt's conduct. (Compl., ¶ 41) However, Nutt continued to sexually harass McGhee. (Compl., ¶ 41) Again, McGhee reported Nutt's conduct to Citrus World. (Compl., ¶ 43)

### 5. Plaintiff Guy P. Noelle:

Plaintiff Noelle (Noelle) has been employed by Citrus World from August 1993, through the present, as a blender. (Compl., ¶ 44, 46) Nutt was employed as a blending foreman by Citrus World and had direct supervisory authority over Noelle. (Compl., ¶ 46) The supervision included the

ability to give Noelle work assignments and recommend discipline for his work performance, including termination. (Compl., ¶ 46)

According to Noelle, from August 1993 to October 1997, Nutt began sexually harassing him at the workplace by continuously requesting sexual favors from him as well as making inappropriate sexual comments. (Compl., ¶ 47) For example, Nutt would engage Noelle in offensive touching in that Nutt would consistently, without Noelle's consent or approval, hug Noelle from behind while also engaging in a "humping motion." (Compl.¶ 47)

Noelle claims that he complained of Nutt's conduct to Citrus World management on or about May 16, 1997 disclosing to them in detail Nutt's conduct. (Compl., ¶ 49) However, Nutt continued to sexually harass Noelle. (Compl., ¶ 51) Again on August 5, 1997, Noelle reported Nutt's conduct to Citrus World's management and demanded that remedial action be taken against Nutt. (Compl., ¶ 51)

## III. Discussion

### Count IV: Intentional Infliction of Emotional Distress

Defendant Nutt argues that Plaintiffs' have failed to state a claim for intentional infliction of emotional distress because the alleged harassment did not amount to extreme and outrageous conduct as recognized under existing Florida law. Conversely, Plaintiff's claim that their supervisor's conduct was outrageous in its nature.

Under Florida law, the elements of an intentional infliction of emotional distress are: 1) deliberate or reckless infliction of mental suffering; 2) by outrageous conduct; 3) which conduct of the defendant caused the suffering; and, 4) the suffering was severe. *See Metropolitan Life Insurance Co. v. McCarson,* 467 So.2d 277 (Fla.1985); *See also Hart v. United States,* 894 F.2d 1539, 1548 (11th Cir.1990).

In defining the term "outrageous conduct," the Florida Supreme Court has explained that the defendant's conduct must be so "outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 278–79. What is and is not "outrageous" is a question of law for this Court to determine. *See Baker v. Florida National Bank,* 559 So.2d 284, 287 (Fla.Dist.Ct.App.1990).

Indeed, precedent on the tort of intentional infliction of emotional distress, especially within the employment context, reveals an unwillingness by Florida courts to allow a plaintiff to proceed on this theory. *See Vance v. Southern Bell Tel. & Tel. Co.,* 983 F.2d 1573, 1575 n. 7 (citing *Mundy v. Southern Bell Tel. & Tel. Co.,* 676 F.2d 503, 505–06 (11th Cir.1982) (surveying Florida Cases rejecting claims in employment context)).

However, in some scenarios, courts have allowed claims for intentional infliction of emotional distress in an employment context, to survive motions to dismiss. *See Stockett v. Tolin,* 791 F.Supp. 1536, 1556 (S.D.Fla.1992) (holding that defendant's sexual harassment, which included repeated and relentless grabbing/touching of plaintiff's private body parts, repeated kissing of plaintiff, physical/bodily attacks and repeated verbal licentiousness, amounted to outrageous behavior); *Urquiola v. Linen Supermarket, Inc.,* 1995 WL 266582, at *4 (M.D.Fla.1995) (holding that plaintiff's allegations went beyond mere harassment and verbal abuse as evidenced by numerous incidents of kissing, grouping and attempted rape of the plaintiff, and defendants constant use of sexually explicit, demeaning and vulgar language).

Accepting Plaintiff's contentions as true, this Court finds that these incidents, as offensive as they may be, do not rise to the level of outrageousness as dictated by *McCarson.* It is true that the alleged conduct in the present case was delivered

both physically and verbally; however, Nutt's alleged acts when measured against case law do not reach the necessary level of "outrageousness" to survive the Motion to Dismiss. Therefore, Count IV of the Plaintiff's Complaint will be dismissed. Accordingly, it is.

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED WITH PREJU- DICE** as to Count IV of Plaintiff's Com- plaint; Plaintiff's request to add a claim of battery to their Complaint is **DENIED,** as the Court declines to take pendant juris- diction over the state cause of action which is proposed for amendment; and Defen- dant Nutt is dismissed from this action.

**DONE and ORDERED.**