[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13028
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cv-62059-DMM

VICTOR BRISK,

Plaintiff-Appellant,

versus

SHORELINE FOUNDATION, INC.,
a Florida profit corporation,
JAMES ROYO,
individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 25, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Victor Brisk appeals from the district court's grant of summary judgment in favor of his former employer, Shoreline Foundation, Inc., and James Royo (collectively "Shoreline") in an action brought pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.  On appeal, Brisk argues that the district court erred by granting summary judgment on his FMLA retaliation claims in favor of Shoreline because there were genuine issues of material fact with regard to his retaliation claims.  Brisk also argues that the district court erred in granting summary judgment in favor of Shoreline based on its holding that he did not plead a FMLA interference claim.[1]  We will address each point in turn.

I.

We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).  Summary judgment is appropriate when there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c)(1).  A genuine factual dispute exists if the jury could return a verdict for the non-moving party. *Wilson*, 376 F.3d at 1085.

---

[1]  In Brisk's complaint, he alleged that Shoreline retaliated against him for seeking worker's compensation benefits under Florida's Workers' Compensation Law Fla. Stat. § 448.205.  The district court declined to exercise jurisdiction over this supplemental state law claim because no federal claims remained after granting summary judgment in favor of Shoreline as to the FMLA claim.  On appeal, Brisk does not challenge this dismissal.  Accordingly, any issue in that respect is abandoned. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

An employee has the right to be restored to his original position or an equivalent position following FMLA leave.  29 U.S.C. § 2614(a)(1).  The FMLA creates two types of claims to preserve and enforce the rights it creates: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with [his] substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act."  *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001) (citations omitted).

To establish a claim of FMLA retaliation, an employee must demonstrate that his employer intentionally discriminated against him for exercising a right guaranteed under the FMLA.  *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008).  "Unlike an interference claim, an employee bringing a retaliation claim faces the increased burden of showing that his employer's actions were motivated by an impermissible retaliatory or discriminatory animus."  *Id.* at 1267-68 (quotations omitted).  Absent direct evidence of retaliatory intent, we apply the burden-shifting framework articulated in *McDonnell Douglas*.  *Id.* at 1268.  To establish a *prima facie* case of FMLA retaliation, an employee may show that (1) he engaged in statutorily protected activity, (2) he suffered an

3

adverse decision, and (3) the decision was causally related to the protected activity. *Id.*

Close temporal proximity between an employee's protected conduct and the adverse action is generally sufficient to create a genuine issue as to whether there is a causal connection. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006). The Supreme Court has indicated that the temporal proximity between an employer's knowledge of protected activity and an adverse action must be very close. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (citations and quotations omitted). In *Breeden*, the Supreme Court cited cases with approval that held a three to four month disparity was insufficient to show a causal connection. *See id.* (citations omitted). "If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *See Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004). Moreover, there is no causal connection between a protected act and an adverse action, where the adverse action was caused by intervening act of misconduct. *See Fleming v. Boeing,* 120 F.3d 242, 248 (11th Cir. 1997).

If the employee successfully demonstrates a *prima facie* case of FMLA retaliation, the burden then shifts to the employer to articulate a legitimate reason

for the adverse action.  *See Strickland*, 239 F.3d at 1297.  An employer's reason for an employment decision can be "a good reason, a bad reason, a reason based on erroneous facts, or . . . no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Comms.*, 738 F.2d 1181, 1187 (11th Cir. 1984) (citations omitted).

Once an employer articulates a legitimate non-discriminatory reason, the employee then must show that the employer's proffered reason was pretextual. *Strickland*, 239 F.3d at 1297.  Pretext is only proven if it is shown both that the reason was false, and that discrimination or retaliation was the real reason behind the challenged action.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752, 125 L. Ed. 2d 407 (1993).

With regard to Brisk's retaliation claim based on his demotion, the district court correctly granted summary judgment because Shoreline established that it had a non-discriminatory reason-- that Brisk had refused to give the company its own bank account password--for changing Brisk's job following his return from FMLA leave.  With regard to Brisk's retaliation claim based on his termination, the district court correctly granted summary judgment because there was no causal connection between the protected conduct--Brisk taking FMLA leave--and the adverse event, termination, when the temporal proximity of four months was tenuous and there was an intervening cause of poor work performance.

5

Accordingly, we affirm the district court's granting of summary judgment in favor of Shoreline in this respect.

## II.

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings must be construed "so as to do justice." Fed. R. Civ. P. 8(e). A complaint need not specify in detail the precise theory giving rise to recovery, and all that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests. *Sams v. United Food & Commercial Workers Int'l Union, AFL-CIO, CLC*, 866 F.2d 1380, 1384 (11th Cir. 1989).

Although Rule 8's pleading standard is to be applied liberally, a defendant is not required to infer all possible claims that could arise out of the facts set forth in the complaint at the summary judgment stage. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). At the summary judgment stage, the proper procedure for a plaintiff to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). *Id*. A plaintiff may not amend a complaint through argument in a brief opposing summary judgment. *Id*. (quotation omitted).

FMLA's interference provision makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise," any substantive FMLA right. 29 U.S.C. § 2615(a)(1). An FMLA interference claim

6

requires the plaintiff to show that he was entitled to a benefit denied by the defendant. *Strickland*, 239 F.3d at 1206-07.

Because Brisk did not raise an interference claim in his complaint and did not seek to amend his complaint to add the additional claim, we affirm the district court's granting of summary judgment in favor of Shoreline in this respect. Accordingly, we affirm.

**AFFIRMED.**