**Clarence L. DAVIS, Plaintiff,**

v.

**ASTI, INC., and Amalgamated Transit Union, Local 1439, Defendants.**

No. 01–1102–CIV.

United States District Court,
S.D. Florida.

Nov. 30, 2001.

Charles Merrill Eiss, Glantz & Glantz, Plantation, FL, for Plaintiff.

Michael William Casey, Muller Mintz Kornreich Caldwell Casey Crosland & Bramnick, P.A., Miami, FL, for Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND; GRANTING DEFENDANT'S MOTION TO DISMISS; AND REQUIRING RESPONSE FROM PLAINTIFF

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiff Clarence L. Davis's Motion to Remand and Defendant Asti's Motion to Dismiss Count I and III of the Complaint and, alternatively, Motion to Strike Plaintiff's Claim for Attorney's Fees from Count I.

UPON CONSIDERATION of the motions and the materials submitted in response and in opposition, and being otherwise fully advised in the premises, the Court enters the following Order DENYING Plaintiff's Motion to Remand; GRANTING Defendant Asti's Motion to Dismiss Counts I and III; and requiring Plaintiff to show cause why Count II should not be DISMISSED.

### A. Background

The Plaintiff, Clarence L. Davis, brought this action in state court against his former employer, Asti, Inc., and against his union, Amalgamated Transit Union, Local 1493 ("Union"). Plaintiff's allegations are as follows. He was employed by Defendant Asti as a bus driver from September 1994 through February 2000, and the terms of his employment were dictated by a certain collective bargaining agreement dated March 31, 1994 and extended June 6, 1996. *See* Complaint ¶ 7. Plaintiff was laid off by Asti on February 27, 2000 in contravention of the collective bargaining agreement, and Asti then treated the lay off as a termination of employment and refused to permit Plaintiff to return to work as contemplated by the collective bargaining agreement. *See* Complaint ¶ 8, 9. Accordingly, Count I is a claim for breach of contract for Asti's allegedly wrongful termination of Plaintiff's employment. Plaintiff is seeking to recover lost wages, lost benefits, and other contractually agreed items. *See* Complaint ¶ 10.

Count III is also a breach of contract claim against Asti. In Count III, Plaintiff alleges that the collective bargaining agreement entitled him to receive a certain number of vacation and holiday days with pay, and that Asti breached the collective bargaining agreement by refusing to pay him for his accrued vacation and holiday days. *See* Complaint ¶ 22–27. Therefore, Plaintiff is also seeking to recover damages for this breach. *See* Complaint ¶ 27.

Finally, Count II is a claim against the Union for breach of contract. Plaintiff alleges that the Union refused to process Plaintiff's grievance according to the collective bargaining agreement, and that this decision was not made in good faith or in the proper exercise of discretion. *See* Complaint ¶ 17, 18. Plaintiff is seeking to recover his lost wages and other damages from this alleged breach by the Union. *See* Complaint ¶ 19. However, the Union has apparently not been served, and has not appeared in the action.

On March 19, 2001, Defendant Asti timely removed this action on the grounds that Plaintiff's breach of contract claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and that such preemption provides a basis of removal. Plaintiff opposes the removal and moved to remand on the grounds that his claims are based on breach of contract for employment, not on the collective bargaining agreement, and therefore are controlled exclusively by state law. Defendant Asti also has moved to dismiss the claims against Asti on the grounds that they were not filed within the applicable statute of limitations.

Having considered these arguments, the Court concludes that Plaintiff's motion to remand, and the arguments therein, are contrary to well-established law, and that Plaintiff did not file his complaint within the applicable statute of limitations. Each issue will be addressed in turn.

### B. The Petition for Removal and the Motion to Remand

██ The Supreme Court has held that, "Congress, through § 301, . . . authorized federal courts to create a body of federal law for the enforcement of collective bargaining agreements—law which the courts

must fashion from the policy of our national labor laws." *International Brotherhood of Electrical Workers, AFL—CIO v. Hechler,* 481 U.S. 851, 855, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987). Therefore, "federal law, and not state law must be used in adjudicating § 301 claims." *Id.* at 856, 107 S.Ct. 2161. This reliance on federal law is rationalized by the great need for uniformity in the interpretation of collective bargaining agreements. *See id.*

Accordingly, a state law claim that necessitates interpretation of terms in a collective bargaining agreement is preempted by § 301. *See id.* at 858, 107 S.Ct. 2161. Furthermore, where such preemption is applicable, the plaintiff's state law claims must be construed as § 301 claims, and may be removed to federal court on the basis of federal question jurisdiction. *See Avco Corp. v. Aero Lodge No. 735, International Assoc. of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). While suits expressly alleging contract violation are the classic or "ordinary" § 301 claims, the preemptive effect of § 301 extends beyond such suits. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 210, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Indeed, some state law tort claims, such as claims for breach of the duty of good faith, are also preempted by § 301 because their resolution depends upon an interpretation of the underlying collective bargaining agreement. *.See id.*

In any event, this Court need not draw on the intricacies and complexities of § 301 preemption to resolve the narrow issue before it. In the case at bar, Plaintiff's breach of contract claims clearly rest on rights created and defined by the collective bargaining agreement. For instance, in Count I, Plaintiff alleges that the terms of his employment were "dictated by a certain collective bargaining Agreement," and that the layoff and termination,

for which Plaintiff is seeking compensation, were done in contravention of the collective bargaining agreement. *See* Complaint ¶ 7–9. Similarly, in Count III, Plaintiff alleges that the collective bargaining agreement gave him a right to "receive a certain number of paid holidays during each year," and that Asti's "refusal to pay the amounts due Plaintiff for accrued vacation and holiday pay" breached the collective bargaining agreement. *See* Complaint ¶ 23, 27.

Importantly, Plaintiff has identified no source for these alleged employment rights *other than* the collective bargaining agreement. Therefore, resolution of Plaintiff's claims will inevitably require an interpretation of the collective bargaining agreement. In short, the rights asserted by Plaintiff derive from the collective bargaining agreement, and therefore, Plaintiff's claims are akin to an "ordinary" § 301 "contract claim in which a party to the collective bargaining agreement expressly asserts that a provision of the agreement has been violated." *Hechler,* 481 U.S. at 857, 107 S.Ct. 2161. Accordingly, this Court clearly has federal question jurisdiction under § 301 of the Labor Management Relations Act, and the motion to remand must be denied.

### C. Asti's Motion to Dismiss

After removing the action to this Court, Defendant Asti moved to dismiss Counts I and III of the Complaint on the grounds that Plaintiff failed to filed his claims within the applicable statute of limitations. Indeed, when a plaintiff's claim is "treated as a § 301 claim, a court must determine whether [the] claim is time barred by the applicable statute of limitations under federal law." *Hechler,* 481 U.S. at 863–64, 107 S.Ct. 2161. However, this issue is somewhat more complicated than the preemption issue, because a find-

ing that § 301 preemption applies does not necessarily require the application of a federal statute of limitations. Federal courts will sometimes apply the state law statute of limitations to § 301 claims, and will sometimes apply the federal law statute of limitations.

### I. Determining Which Statute of Limitations Applies to Plaintiff's Claims

■ It is well-established that the state statute of limitations applies to a straightforward § 301 claim by a union against an employer for breach of a collective bargaining agreement. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 162–63, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The Supreme Court has reasoned that, under those circumstances, the § 301 claim is most analogous to a state law breach of contract claim, and therefore, the state statute of limitations should apply. *See id.* at 163, 103 S.Ct. 2281. Similarly, the Eleventh Circuit has determined that the state statute of limitations will generally govern a § 301 claim by an individual employee against a union for breach of duties assumed by the union in a collective bargaining agreement. *See Sams v. United Food & Commercial Workers International Union, AFL—CIO, CLC,* 866 F.2d 1380 (11th Cir.1989); *Hechler v. International Brotherhood of Electrical Workers, AFL—CIO,* 834 F.2d 942 (11th Cir.1987).

■ However, where an *individual employee* brings a § 301 claim against his employer for breach of a collective bargaining agreement, the statute of limitations will usually be supplied by federal law. *See DelCostello,* 462 U.S. at 169, 103 S.Ct. 2281. The Supreme Court has explained this result as follows. Before bringing suit, an employee is generally required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *See*

*id.* at 163, 103 S.Ct. 2281. Furthermore, the employee will be bound by the result according to the finality provisions of the agreement. *See id.* at 164, 103 S.Ct. 2281. However, this result may be unfair to the employee when the union has not fairly represented him in the grievance procedure. *See id.* Therefore, the employee is permitted to bring suit against the employer *and* the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding. *See id.*

The Supreme Court has explained that, in such situations, the "suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement," but the "suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." *See DelCostello,* 462 U.S. at 164, 103 S.Ct. 2281. The Supreme Court has further noted that these two claims are "inextricably interdependent," because the employee cannot prevail against the employer without showing that the union violated its duty of fair representation. *Id.* at 165, 103 S.Ct. 2281. Therefore, the employee's suit is collectively considered a "hybrid § 301/fair representation claim," and the composite claims against the employer and the union must be governed by the same statute of limitations. *Id.* at 165, 171, 103 S.Ct. 2281.

■ The Supreme Court ultimately concluded that the appropriate statute of limitations was that provided in § 10(b) of the National Labor Relations Act. *See id.* at 169, 103 S.Ct. 2281. The Court reasoned that this federal statute of limitations was appropriate because the union's duty of fair representation derives from federal labor law, and not from the collective bargaining agreement or other contractual source. *See id.* at 165, 103 S.Ct. 2281. Therefore, the fair representation claim

could not be analogized to a state law breach of contract claim, and a state statute of limitations should not be applied to it. *See id.*

Under this scheme, the task before this Court is to ascertain whether Plaintiff's claims depend on showing that the Union violated the duty of fair representation derived from federal law, or whether Plaintiff need only show that the Union breached the collective bargaining agreement or other contractual obligations. If Plaintiff's § 301 claims are based only on contractual duties, and are not dependent on federal labor law, then they are governed by the state statute of limitations. If, on the other hand, Plaintiff's claims depend on showing that the Union breached its federally-imposed duty of fair representation, then the applicable statute of limitations is that provided in § 10(b) of the National Labor Relations Act.

■ This issue is easily resolved by examining the Complaint and the attached collective bargaining agreement. In Count II against the Union, Plaintiff alleges that "the collective bargaining Agreement contains provisions concerning the filing of grievances against the COMPANY." *See* Complaint ¶ 15. He further alleges that he "made demand on the UNION that it file and process a grievance on Plaintiff's behalf" but that the "UNION failed and refused to process Plaintiff's grievance according to the collective bargaining Agreement." *See* Complaint ¶ 16, 17. Finally, Plaintiff alleges that the Union's "decision and determination not to process Plaintiff's grievance was not made in good faith or in the proper exercise of discretion." *See* Complaint ¶ 18.

Because Plaintiff admits that he did not exhaust the mandatory grievance procedure under the collective bargaining agreement, he must show that the Union breached its duty of fair representation, and thereby prejudiced him in the griev-ance process, in order to prevail against Asti. *See DelCostello*, 462 U.S. at 164–65, 103 S.Ct. 2281. Notably, an examination of the collective bargaining agreement, which is attached to Plaintiff's Complaint, reveals that a duty of fair representation is not supplied by the agreement. Indeed, the agreement is silent as to the Union's duty to make decisions regarding representation in good faith. Rather, the Union's duty of good faith representation clearly derives from federal labor law. Therefore, Plaintiff's suit must be viewed as a hybrid § 301/fair representation claim, and be subjected to the statute of limitations in § 10(b) of the National Labor Relations Act. *See id.*

## II. Applying the Six Month Statute of Limitations to Plaintiff's Claims

■ The statute of limitations provided in § 10(b) of the National Labor Relations Act is six months. *See DelCostello*, 462 U.S. at 169, 103 S.Ct. 2281. Plaintiff alleges that he was discharged on February 27, 2000. *See* Complaint ¶ 8. Therefore, his cause of action clearly accrued more than six months before the action was filed on February 9, 2001. *See* Complaint. Accordingly, Defendant Asti's Motion to Dismiss Counts I and III must be granted, because Plaintiff's action was not filed within the applicable statute of limitations.

### D. Count II Against the Union

Defendant Asti moved to dismiss only Counts I and III. Therefore, Count II, which states a claim for breach of contract against the Union, remains. However, the Union has not appeared in this action, and a review of the record reveals that the Union has not been served with process. The Federal Rules of Civil Procedure require that service be made upon a defendant within 120 days after the filing of the complaint. *See* Fed.R.Civ.P. 4(m). When

service has not been achieved within that time limit, the court may "on its own initiative after notice to the plaintiff, dismiss the action without prejudice as to that defendant." *Id.* Accordingly, Plaintiff shall have **eleven (11) days** from the date of this Order to show cause why Count II should not be dismissed for failure to serve the Union within the time limits for service. Plaintiff should further show cause why that dismissal should not be *with* prejudice for Plaintiff's failure to adhere to the Court's scheduling orders in this case.

In addition, Plaintiff's response should show cause why Count II should not be dismissed with prejudice for failure to file within the applicable statute of limitations. This determination will of course depend on whether the state or the federal statute of limitations applies, as discussed above. Notably, this Court has already determined that Plaintiff's claim against the Union is based, at least in part, on the federally-imposed duty of fair representation, and therefore that his suit against his employer and the Union is a hybrid § 301/ fair representation claim subject to the federal statute of limitations. This decision will not be revisited.

However, this decision does not foreclose the possibility that Plaintiff could bring an *independent,* contractually based § 301 claim against only the Union, which would be subject to the *state* statute of limitations. *See Sams v. United Food & Commercial Workers International Union,* 866 F.2d 1380, 1384 (11th Cir.1989) (applying state statute of limitations to employee's § 301 claim against the union after determining that the claim was based on duties contractually assumed by the union rather than on the Union's duty of fair representation) (*citing Hechler v. International Brotherhood of Electrical Workers, AFL—CIO,* 834 F.2d 942 (11th Cir.1987)). Therefore, Plaintiff should be given the opportunity to allege with great-

er specificity which provisions of the collective bargaining agreement, if any, were violated by the Union, before the Complaint is dismissed with prejudice. However, Plaintiff is cautioned that general references to the collective bargaining agreement, as are now in the Complaint, will not suffice. Rather, Plaintiff must allege with specificity what contractual provisions were breached by the Union and how those provisions were breached.

If Plaintiff is able to state a § 301 claim against the Union for breach of the collective bargaining agreement, that claim would be subject to the state statute of limitations. If, on the other hand, the Union's only alleged breaches were of its federally-imposed duty of fair representation, and Plaintiff cannot allege that specific contractual provisions were breached, the six month federal statute of limitations applies, and Plaintiff's claim against the Union would have to be dismissed with prejudice.

### E. Conclusion

Accordingly, for the foregoing reasons, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion to Remand (filed March 30, 2001) is DENIED.

2. Defendant Asti's Motion to Dismiss Counts I and III of the Complaint (filed March 26, 2001) is GRANTED. Accordingly, Counts I and III of the Complaint against Defendant Asti are DISMISSED with prejudice.

3. Plaintiff shall have **eleven (11) days** from the date of this Order to show cause why Count II against the Union should not be:

   a. DISMISSED with prejudice for Plaintiff's failure to serve process on the Union and failure to adhere

to this Court's scheduling order; and/or,

b. DISMISSED with prejudice for failure to file within the applicable statute of limitations.

4. Failure on the part of the Plaintiff to file a timely response will result in DISMISSAL of the action with prejudice.