[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15280
Non-Argument Calendar

_____

D. C. Docket No. 05-00718-CV-HTW-1

VICKI CRISWELL,

Plaintiff-Appellant,

versus

INTELLIRISK MANAGEMENT CORPORATION, INC.,
ALLIED INTERSTATE, INC.,
RICHARD LISENBY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 15, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Vicki Criswell, a former employee of Intellirisk Management Corporation, Inc., and Allied Interstate, Inc. (collectively "Intellirisk"), appeals the district court's grant of summary judgment to Intellirisk as to her complaints that she experienced sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* On appeal, Criswell first argues that the district court erred in granting summary judgment to Intellirisk on her hostile work environment theory of sexual harassment because her exposure to pornography involving a co-worker on three separate occasions was uniquely and extremely severe.

We review *de novo* the district court's grant of summary judgment. *Burton v. Tampa Housing Authority*, 271 F.3d 1274, 1276 (11th Cir. 2001). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment "bears the burden of proving that no genuine issue of material fact exists." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d

2

1220, 1224 (11th Cir. 2002). We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion, and resolve all reasonable doubts about the facts in favor of the non-movant. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). In the context of summary judgment, we must look at the record as a whole, reviewing all of the evidence in the record. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000). "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

Title VII makes it an "unlawful employment practice" for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1). To establish sexual harassment under Title VII, an employee must prove "(1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a

3

discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists." *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1244 (11th Cir. 2004). Intellirisk has not disputed that Criswell is able to meet the first three elements.

To prove sexual harassment in violation of Title VII, a plaintiff may rely on one of two theories. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753-54, 118 S. Ct. 2257, 2265, 141 L. Ed. 2d 633 (1998). Under the first theory, the plaintiff must prove that the harassment culminated in a "tangible employment action" against her. *Id.* Under the second or "hostile work environment" theory, the plaintiff must prove that she suffered "severe or pervasive conduct." *Id.* at 754, 118 S. Ct. at 2265.

A hostile work environment occurs "when an employer's conduct 'has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive environment.'" *Steele v. Offshore Shipbuilding*, 867 F.2d 1311, 1315 (11th Cir. 1989) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S. Ct. 2399, 2404-05, 91 L. Ed. 2d 49 (1986)). The harassment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S.

775, 787, 118 S. Ct. 2275, 2283, 141 L. Ed. 2d 662 (1998). We have identified four factors to consider in determining whether the objective reasonableness of the employee's perception that the harassment was severe and pervasive enough to alter the terms and conditions of employment: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999)(*en banc*). The Supreme Court has made it clear that Title VII is not a "general civility code." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80, 118 S. Ct. 998, 1002, 140 L. Ed. 2d 201 (1998). In a normal office setting, interaction between employees is to be expected. *See Faragher*, 524 U.S. at 788, 118 S. Ct. at 2283-84. "'[S]imple teasing,' offhand comments, and isolated incidents (unless extremely serious)" will not amount to a hostile work environment. *Id.* at 788, 118 S. Ct. at 2283 (citations omitted).

After reviewing the record, we conclude that the district court erred in granting summary judgment to Intellirisk on Criswell's hostile work environment theory of sexual harassment. The pictures to which Criswell was exposed were

5

severe enough to have altered the terms and conditions of Criswell's employment.[1]

Therefore, in our view, Criswell has presented evidence of severe conduct that is sufficient to survive summary judgment. Having found a question of fact regarding the severity of the harassment, on remand, the district court should address whether there is a basis for holding Intellirisk liable and whether the affirmative defense of *Ellerth* and *Faragher* applies.

Next, Criswell argues that the district court erred in granting summary judgment to Intellirisk on her tangible employment action theory of sexual harassment. Criswell contends that the district court misapplied the law of Title VII, and erred in finding that she failed to establish a causal link between the harassment and adverse employment actions because Intellirisk failed to move for summary judgment on that theory and did not offer arguments that were relevant to that theory.

"A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington*, 524 U.S. at 761, 118 S. Ct. at 2268. A tangible employment action "in most cases inflicts direct economic harm." *Id.* at 762, 118

---

[1]We have reviewed the pictures which were filed under seal as part of the record.

6

S. Ct. at 2269. A "tangible employment action" is not a separate claim of sexual harassment, but rather it is a "label used to describe one of two ways sexual harassment can rise to the level of violating Title VII." *Hulsey*, 367 F.3d at 1246. We have held that the same elements needed to establish a *prima facie* case of sexual harassment under the hostile work environment theory are also applicable to the tangible employment action theory because a tangible employment action is needed as a basis to hold the employer liable, and if a supervisor fires an employee because of a refusal to give in to sexual advances, "those advances will rise to the level of 'severe or pervasive.'" *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 508 n.7 (11th Cir. 2000). In addition, there also must be a causal link between the tangible employment action and the sexual harassment. *See Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1312 (11th Cir. 2001)(explaining that harassment plaintiff suffered was unrelated to refusal to promote).

After reviewing the record, we conclude that the district court properly granted summary judgment to Intellirisk on Criswell's tangible employment action theory of sexual harassment because Intellirisk did move for summary judgment on Criswell's sexual harassment claim and there is no evidence of a causal link between the harassment and an adverse employment action.

Criswell next argues that the district court erred in finding that her only retaliation claim was based on her termination. She alleges that she expressly raised a retaliation claim based on actions other than her termination in her amended complaint by mentioning raises, promotions, and assignments. She also mentions the facts section of her complaint, which was incorporated into the claim, in which she also mentioned a breach of compensation agreement, defamation, sexual harassment, an effective demotion, and the denial of promotions. All these claims were the basis of her EEOC charge. Criswell argues that these facts should overcome her mistaken testimony from her deposition that her only retaliation claim was based on her termination.

In order to make a *prima facie* case of retaliation under Title VII, an employee must show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). The Supreme Court has held that in order to sustain a Title VII retaliation claim, an employee must show that "a reasonable employee would have found the challenged action materially adverse[.]" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006).

8

However, "trivial harms" and "petty slights" do not constitute an adverse employment action. *Id.*

To establish a causal connection between the protected activity and an adverse employment action, "a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (internal quotations, brackets, and citations omitted). We have held that "[i]t is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected expression." *Bass v. Bd. of County Comm'rs, Orange County, Fla.*, 256 F.3d 1095, 1119 (11th Cir. 2001). The causal connection element is "construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Pennington*, 261 F.3d at 1266 (quotation omitted). In some cases, a "[c]lose temporal proximity between the protected activity and the adverse action may be sufficient to show that the two were not wholly unrelated." *Bass*, 256 F.3d at 1119. We have held "that a plaintiff satisfies [the causality] element if [s]he provides sufficient evidence that the decision-maker became aware of the protected conduct, and that there was close temporal

proximity between this awareness and the adverse employment action." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337 (11th Cir. 1999) (retaliation in ADA context). But when temporal proximity is used to establish a causal connection, the proximity must be "very close." *Clark County School Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (citation omitted). We have held that "in the absence of any other evidence of causation," a three-month proximity "between a protected activity and an adverse employment action is insufficient to create a jury issue on causation." *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006).

"Once a plaintiff has established a prima facie case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action." *Pennington*, 261 F.3d at 1266. When the employer meets its burden, the presumption of retaliation disappears, and the plaintiff must demonstrate that the employer's reasons are a "pretext for prohibited retaliatory conduct." *Johnson*, 234 F.3d at 507 n.6. "The district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find [those reasons] unworthy of credence." *Silvera v. Orange County School Bd.*, 244 F.3d

10

1253, 1258 (11th Cir. 2001) (citation omitted).

"A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food & Comm. Workers Intern. Union, AFL-CIO, CLC*, 866 F.2d 1380, 1384 (11th Cir. 1989). For a court to *sua sponte* grant summary judgment on a claim not presented in a summary judgment motion, the court must give notice to the parties that it intends to address the claim. *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1264 (11th Cir. 2008).

Here, we conclude from the record that the district court erred in determining that Criswell had no pre-termination retaliation claims. Criswell's pleadings put Intellirisk on notice that she had additional retaliation claims, and Intellirisk's motion for summary judgment did not indicate why it was entitled to summary judgment on such claims. While the district court can address claims on summary judgment *sua sponte*, here, it did not notify the parties that it intended to address Criswell's pre-termination retaliation claims on summary judgment.

Finally, Criswell argues that the district court erred in dismissing her retaliatory discharge claim because it erred in finding that no decision-maker knew of the harassment before she was terminated because her testimony, along with

11

that of Intellirisk's Chief Executive Officer, shows that he was aware of the harassment.

We conclude from the record that the district court did not err in granting summary judgment to Intellirisk on Criswell's retaliatory discharge claim. Intellirisk presented evidence that Criswell lost her job because a surprise audit of her call center conducted by the U.S. Treasury Department left Intellirisk's contract with the U.S. Treasury in doubt, and, as a result, the entire call center was closed and its operations were moved to Minnesota in order to save the contract. Criswell has not demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Intellirisk's non-discriminatory reason such that a reasonable factfinder could find the reason unworthy of credence.

In conclusion, we affirm the district court's grant of summary judgment in favor of Intellirisk on Criswell's tangible employment action theory of sexual harassment and her retaliatory discharge claim. However, we vacate the district court's grant of summary judgment to Intellirisk on Criswell's hostile work environment, and its decision that Criswell did not have any pre-termination retaliation claims, and remand the case for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**